Tilghman C. J.
(After stating the case.) It is said, on behalf of the defendant in error, that the court martial had no jurisdiction, and its proceedings were irregularly conducted : that the charges exhibited against the defendant were too general: that a copy of these charges ought to have been served on him ten days before the meeting of the court: that it ought to appear on the face of the proceedings that two-thirds of the members concurred in the sentence: and that the sentence itself was illegal, inasmuch as the court had power to fine or degrade at their discretion, but not to do both. The last objection is removed by the act of the Governor, who approved of the fine, and disapproved of the rest, so that the sentence stands for the fine only. The jurisdiction of the court was derived from the militia act, passed 6th April, 1802. By that act, the neglecting, or refuging to obey the orders of a superior officer, is an offence for which the delinquent may be cashiered or fined at the discretion of a general or regimental court martial as the case may require. There appears to be nothing in this case which was not cognizable by a regimental court; so that I see no reason for doubting of the court’s jurisdiction. Want of jurisdiction would have been fatal to all their proceedings ; and however hard it might be on the constable, he would, in that case, have been liable to an action for serving their process. It is incumbent likewise on the constable to shew, that the court has been constituted according to law, which has been done. *79 •The law requires, that the court shall be composed of five members, all commissioned officers. There was evidence that it consisted of five members, and their commissions were produced. It is necessary, also, that two-thirds of the members should agree in the sentence: but I do not apprehend that the constable is put'to the proof of such agreement. It appears on their proceedings, that the court passed sentence. This is the usual form of judgment, and the constable has a right to presume that the proper number agreed. There is a difference between an action against the president of the court who issued the warrant and one against the officer who served it. The former might be responsible for gross impropriety in the proceedings. But the latter stands justified, if the court had jurisdiction, and was constituted according to law. The act of assembly authorises the president to issue his warrant to a constable, commanding him to levy the fine, and the constable is to execute it, under the penalty of forfeiting double the amount of the fine, if he does not collect and pay the same to the person entitled to receive it, in thirty days after the receipt of the warrant. He acts under no greater responsibility than if a warrant had been issued by a justice of the peace in an action of debt: and in that case the only question Would be, whether the person who issued the warrant was a justice and had jurisdiction. In Hill v. Bateman, 1 Strange, 710, it was determined, by Lord Chief Justice Raymond, that if a justice of the peace, having jurisdiction, issues a warrant illegally, he is liable to an action: but the constable who executes the warrant is justified, because the justice had jurisdiction of the case. It would be too much to expect from ministerial officers, that they should be so learned in the law as to judge of the regularity of judicial proceedings. Accordingly the law, which has its foundations in reason and sound understanding, has not required it of them. It is of no importance, therefore, whether ór not the charges against Captain Blaine were exhibited in proper form or served on him ten days before the meeting of the court. These were matters with which the defendant had no concern. He saw, that the court was lawfully constituted: that it had jurisdiction of the offence, and had passed a lawful sentence. That was enough for him. He had no other duty than to obey. Iam of opinion, that upon the evidence he stood justified, and the jury should have been charged to find in his favour.
*80 There was also a bill of exceptions to the Court’s opinion, on the rejection of some parol evidence offered by the defendant. On this I have nothing to say, as it was given up by tho counsel for the defendant.
The judgment of the Court of Common Pleas is to be reversed, and a venire de novo awarded!
Yeates J. absent.
Brackenridge J. concurred-.
Judgment reversed, and a venire facias de novo awarded.